## Grace, et al. v. Johnson.

(Decided May 19, 1925.)

### Appeal from Ballard Circuit Court.

1. Abstracts of Title—Where Records of Corporation Kept at Place Required by Articles of Incorporation, no Complaint Thereof can be Had.—Where articles of incorporation of an abstract company provided that principal office was to be kept at Clinton, stockholders cannot complain because records were removed to Clinton, and furthermore, if abstracts were owned by corporation, their action to compel return to place from which removed, if any, was against corporation and not another stockholder individually.

2. Partnership—Plaintiffs Alleging Partnership in Abstracts Should Have Sued for Settlement of Partnership and Sale of Abstracts.— If abstracts, which defendant removed from place where they had been kept, were owned by partnership, plaintiffs' action should have been for settlement of partnership affairs, sale of abstracts, and closing of partnership, and not a suit requiring defendant to return abstracts.

J. B. WICKLIFFE and W. T. WHITE for appellants.

M. C. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellants, Grace and Henderson, instituted this action in the Ballard circuit court against Dave Johnson, alleging they were joint owners with Johnson of certain abstracts and a file case formerly owned by West Kentucky Land Title Abstract Company, and by one A. M. Gibson which Johnson had carried away and appropriated to his own use, and praying ''Judgment requiring the said Dave Johnson to return said records and file case to Wickliffe, Ballard county, Kentucky, the proper place for same, and judgment against the said Dave Johnson for the sum of $1,000.00 damages for his wrongful acts in the premises as herein set out.'' A general demurrer to the petition was overruled, Johnson answered and denied that either Grace or Henderson had any interest or right to the abstract books or file case of the company, and denied all the material averments of the petition. He then pleaded that in April, 1903, A. M. Gibson and E. B. Samuels and himself associated themselves together and formed a corporation known as ''The First District Kentucky Land Title and Abstract Company,'' with 240 shares of the par value of $25.00 each, of which Johnson became the owner of 80 shares, Samuels 80 shares and Gibson 80 shares; that later and while the corporation was in existence Gibson died, and appellee, Johnson, acquired his 80 shares in the corporation. He later acquired the 80 shares owned by Samuels, thus becoming the sole stockholder. He pleaded that thereafter for the purpose of keeping the corporation alive and for convenience he transferred 80 shares of the capital stock of the company to appellant Grace and 80 shares to appellant Henderson without other consideration than that they should turn over to the company copies of such abstracts as they had or might make, and thus make the abstract more complete, in return for which appellants, Grace and Henderson, were to have the free use of the title papers and abstract books in their work of abstracting titles for clients; that later appellants both abandoned the agreement and ceased to contribute to the books and the abandonment continued for more than five years, that appellee, Johnson, was the sole and only equitable owner of the stock and that appellants had no right or interest in either save as assignee of appellee, Johnson, and for his use and benefit.

These averments of the answer were traversed by reply. Issue being joined the parties devoted themselves to the taking of proof, each giving evidence in support of his contention. The articles of incorporation of the First District Kentucky Land Title and Abstract Company, executed in April, 1903, was made a part of the record as were also copies of the certificates of stock issued by the company.

After reading the record and hearing argument of counsel the chancellor decided that the plaintiffs, now appellants, had not sustained their cause and dismissed it. From that judgment this appeal is prosecuted.

It is not stated in the judgment upon what ground the petition was dismissed, but we perceive several grounds upon which the lower court may have based its action. The articles of incorporation provide that the principal office and place of business of the corporation shall be kept at Clinton, Hickman county. The office was so maintained by appellee, Johnson, at the time of the commencement of this action, and this appears to be the chief ground of complaint, appellants insisting that because Johnson had removed the records of the company from Wickliffe to Clinton, they were deprived of the use of the records in the preparation of abstracts. In the petition appellants pray for a return of the records to Wickliffe. Clearly if the records belonged to the abstract company in which appellants owned stock, their cause was not against appellee, Johnson, but against the corporation, if cause they had. Moreover, it is plain that the records were kept at the proper place, or at least at the place provided in the articles of incorporation of the company where its records should be kept. Therefore, appellants had no right to complain that the records were kept at the principal office of the corporation.

Appellants claim, however, that they acquired a one-third undivided interest in and to certain loose abstracts of title owned by A. M. Gibson at his death and which his personal representative exposed to public sale in closing up his estate; that the purchase of the abstracts were for the joint use and benefit of appellants and appellee.

On the other hand, Johnson contends that all those papers belonged to the corporation in which Gibson was a stockholder and an officer and that they were not the private property of Gibson. If the abstracts in controversy were the property of the partnership, as contended by appellants, their action should have been for

a settlement of their partnership affairs and a sale of the abstracts and a closing of the partnership. This was not sought by the pending action. For this ground the chancellor may have dismissed appellants' cause. There are some other reasons upon which the chancellor may have based his decision which it is not necessary here to discuss.

As we find no error prejudicial to the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.